UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON BRUBACHER,

      Petitioner,

v.                                    CASE NO. 6:16-cv-554-Orl-37GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

This cause is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 12). Petitioner filed a reply to the response (Doc. 15) and an amended reply (Doc. 17).

Petitioner alleges one claim for relief in his habeas petition. However, as discussed hereinafter, the Court finds the petition is untimely filed.

## I.    PROCEDURAL HISTORY

Petitioner was charged by information with two counts of sexual battery on a child less than twelve years of age (counts one and two) and one count of lewd, lascivious, or indecent act upon a child (count three) (Doc. 13-1 at 18). The State filed a notice of intent to seek habitual felony offender penalties. *Id.* at 20. Petitioner entered a negotiated no contest plea to the lesser included offenses of attempted sexual battery for counts one and

two and to count three as charged. *Id.* at 21-22. The trial court accepted the plea and on May 21, 2001, sentenced Petitioner to two forty-eight-year terms of imprisonment as a habitual felony offender ("HFO") for counts one and two, with thirty years as a prison releasee reoffender ("PRR") and to a thirty-year term of imprisonment for count three as an HFO with fifteen years as a PRR. *Id.* at 21-22, 27-34. Petitioner did not appeal.

On April 10, 2003,[1] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. *Id.* at39-58. The trial court held an evidentiary hearing on Petitioner's motion, after which it denied the motion (Doc. Nos. 13-2 at 2-4, 50-106; 13-3 at 1-16). Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* on May 18, 2004 (Doc. 13-3 at 33). Mandate issued on June 4, 2004. *Id.*

On February 15, 2008, Petitioner file a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. *Id.* at 39-46. The trial court denied the motion on March 7, 2008. *Id.* at 58. Petitioner appealed, and the Fifth DCA affirmed *per curiam* on May 6, 2008. *Id.* at 61. Mandate issued on May 23, 2008. *Id.* at 63.

Petitioner filed a second Rule 3.800(a) motion on December 27, 2011. *Id.* at 66. The trial court denied the motion on March 9, 2012. *Id.* at 66-68. Petitioner did not appeal.

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

However, Petitioner later filed a petition for belated appeal, which the Fifth DCA granted on November 30, 2012. *Id.* at 64. The Fifth DCA affirmed *per curiam* on February 12, 2013. *Id.* at 81. Mandate issued on March 8, 2013. *Id.* at 82.

Petitioner filed a third Rule 3.800(a) motion in 2013 which was denied on October 13, 2013 (Doc. 13 at 3). On April 8, 2014, the Fifth DCA affirmed *per curiam* (Doc. 13-3 at 112). Mandate issued on May 2, 2014. *Id.* at 113.

Petitioner filed a fourth Rule 3.800(a) motion on July 20, 2015. *Id.* at 115-24. The trial court denied the motion (Doc. 13-4 at 4-5). The Fifth DCA affirmed *per curiam* on December 15, 2015. *Id.* at 45. Mandate issued on January 8, 2016. *Id.* at 46. Petitioner filed his federal habeas petition on February 16, 2016 (Doc. 1).

## II.   TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)  the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Petitioner did not appeal his convictions and sentences. Consequently, the one-year limitations period began to run on June 20, 2001, or thirty days after the time for filing a direct appeal expired. *See* Fla. R. App. P. 9.140(b)(3); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30–day period for filing a direct appeal expires). Therefore, under § 2244(d)(1)(A), Petitioner had through June 20, 2002, absent any tolling, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner file his Rule 3.850 motion on April 10, 2003, after the one-year limitations period expired. Therefore, the instant federal petition is untimely filed.[2]

---

[2]   The Court is aware that Petitioner filed several other post-conviction motions in the state court. However, those proceedings did not toll the statute of limitations because the one-year period expired before Petitioner initiated those actions. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations

Petitioner does not allege any grounds for equitable tolling or any other reason that the statute of limitations should be tolled or extended. Thus, Petitioner has not shown that his untimely petition should be excused. Furthermore, any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

### III.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

---

period cannot toll that period because there is no period remaining to be tolled"). Consequently, the instant habeas petition is untimely.

correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a certificate of appealability.

3.      The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 29th day of March, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 3/29
Jason Brubacher
Counsel of Record

6